IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

Motion GRANTED.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | NO. 3:14-cr-00014 |
| v. ) | |
| ) | JUDGE TRAUGER |
| JOSHUA CHAPMAN ) | |

**UNOPPOSED MOTION TO CONTINUE TRIAL AND PRETRIAL DEADLINES**

Defendant Joshua Chapman moves this Court for an order continuing the August 23, 2016 trial and related pretrial deadlines to a date after October 22, 2016 (60 days), convenient to the Court's calendar. In support defendant files, under seal, the declaration of counsel and would show:

1. Counsel was court appointed to represent the defendant on September 4, 2014, after former counsel withdrew from representation (Docket No. 23). Trial in this matter is scheduled for August 23, 2016 (Docket No. 85).

2. The parties have been involved in extensive plea negotiations over the last several months. Part of this process involves the designation of Mr. Chapman as an armed career criminal and the negotiations relating to this issue.

3. The United States Supreme Court recently decided *Mathis v. United States*, 579 U.S. ___ (2016). The *Mathis'* Opinion, in part, holds:

> This case is resolved by this Court's precedents, which have repeatedly held, and in no uncertain terms, that a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense. *See*, *e.g.*, *Taylor*, 495 U. S., at 602. The "underlying brute facts or means" by which the defendant commits his crime, *Richardson v. United States*, 526 U. S. 813, 817, make no difference; even if the defendant's conduct, in fact, fits within the definition of the generic offense, the mismatch of elements saves him from an ACCA sentence.