UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:14-00014 |
| ) | Judge Trauger |
| JOSHUA CHAPMAN ) | |

**ORDER**

This matter came to be heard on September 10, 2018, on a Petition alleging that Joshua Chapman violated certain conditions of supervised release (D/E 142). The parties announced a proposed agreement, and, after consideration of the petition, argument of counsel, factors set forth under 18 U.S.C. § 3553(a), and the full record in this matter, the Court approves the agreement and enters judgment as follows:

1. Mr. Chapman admitted the allegations in Violation No. 1, specifically, that he unlawfully used cocaine and tested positive for such use on July 5, 2018. He is hereby adjudicated guilty of such violation.

2. Mr. Chapman admitted the allegations in Violation No. 2, specifically, that he failed to report for random drug screens on July 16, 2018, July 17, 2018, and July 18, 2018. He is hereby adjudicated guilty of such violation.

3. Mr. Chapman admitted the allegations in Violation No. 3, specifically, that he failed to report to the probation officer as instructed in that he did not return her phone calls when she called him after he failed to report for random drug screens. He is hereby adjudicated guilty of such violation.

4. Mr. Chapman admitted the allegation in Violation No. 5, specifically, that he failed to

1

make a payment toward the special assessment despite having employment. He is hereby adjudicated guilty of such violation.

5. The government moves to dismiss Violation No. 4, which alleges that Mr. Chapman is charged with a criminal offense (theft of property) in Rutherford County, Tennessee. That charge remains pending in state court. The Court grants the motion to dismiss Violation No. 4.

6. As a consequence for the violations for which Mr. Chapman is adjudged guilty, the parties agree that he will be sentenced to a period of incarceration of up to 12 months and one day, with the sentence to be determined after consideration of factors set forth in 18 U.S.C. § 3553(a). Any sentence of imprisonment imposed by the Court shall run concurrently to any sentence imposed by any other jurisdiction for offenses arising out of the events alleged in Violation No. 4 of the Petition, which culminated in Mr. Chapman's arrest in Bibb County, Georgia. Counsel for the parties are aware of potential charges in Monroe County, Georgia, and Bibb County, Georgia, as well as the aforementioned charges in Rutherford County, Tennessee. The parties agree that, if any new charges arise out of Monroe County, Georgia or Bibb County, Georgia from the events occurring in July 2018, those charges need not be raised on a new petition alleging violations of supervised release because the resolution of this petition (D/E 142) takes those potential charges into account.

7. Mr. Chapman will receive jail credit for his time both in federal custody pending resolution of the petition and in Bibb County, Georgia custody prior to his transfer to federal custody on a writ.

8. Upon release from custody, Mr. Chapman will enter into a substance abuse program. If feasible, such program will include a period of in-patient treatment.

9. Based upon arguments of counsel, factors set forth under 18 U.S.C. § 3553(a), and the full

record in this cause, the Court sentences Mr. Chapman to 12 months and 1 day, concurrent to any future sentence which may be imposed by Rutherford County, Tennessee, Monroe County, Georgia, and/or Bibb County, Georgia for the events occurring over the period June - July 2018. He shall receive all jail credit accrued in Bibb County, Georgia and in the custody of the Attorney General of the United States pending resolution of this petition.

It is so ordered.

Entered this 11th day of September, 2018.

_____
Aleta A. Trauger
United States District Judge